IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHENZHEN YUNQINGWEICHUANG TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SICDDDE, *ET AL.*, <br><br> Defendants. | Civil Case No.:  2:25-cv-472 <br><br> JURY TRIAL DEMANDED <br><br> FILED UNDER SEAL |

### PLAINTIFF'S MOTION TO FILE UNDER SEAL

This is an action for patent infringement, trademark infringement, and copyright infringement in which Shenzhen Yunqingweichuang Technology Co., Ltd. ("Plaintiff") accuses Sicddde, et al., as delineated on Schedule A of the Complaint ("Defendants"), of infringing United States Design Patent Reg. No. US D991,533 (the "Plaintiff's Patent"), United States Trademark Reg. No. 7,420,879 (the "Plaintiff's Mark"), and/or United States Copyright Reg. No. VA 2-434-881 (the "Plaintiff's Copyright").

Plaintiff was established in August 2014, headquartered in Shenzhen, China. Plaintiff specializes in designing and selling high-aesthetic, biodegradable solid wood lighting. With over a decade of history and a team of more than 100 professionals, Plaintiff has experienced overseas designers and production teams. Plaintiff operates R&D centers and production bases domestically and internationally, supported by efficient supply chains and global e-commerce platforms to ensure excellent product quality and customer service. Plaintiff sells the lighting design protected by Plaintiff's Patent, sold under Plaintiff's Mark, and utilizing the images found in Plaintiff's Copyright.

1

Defendants operate numerous, fully interactive e-commerce stores on Walmart, Amazon.com, and other marketplace platforms for the sole purpose of selling and offering for sale infringing and counterfeit goods, including goods infringing Plaintiff's Patent, Plaintiff's Mark, and/or Plaintiff's Copyright ("Infringing Products"). Defendants sell and/or offer to sell Infringing Products throughout the United States, including in the Commonwealth of Pennsylvania and this Judicial District.

Plaintiff submits this application to this Court to file under seal the documents associated with the above-referenced action, including but not limited to: (1) this Motion to Seal; (2) Plaintiff's Complaint and declarations, schedules, and exhibits thereto; (3) Plaintiff's *Ex Parte* Motion for Temporary Restraining Order and declarations, schedules, and exhibits thereto; and (4) Plaintiff's Brief in support of its *Ex Parte* Motion for Temporary Restraining Order and declarations, schedules, and exhibits thereto.

Good cause exists to file the foregoing documents under seal.

A variety of Courts in this District, and others, have found the relief sought herein appropriate in similar cases, recognizing: the Seller Aliases at issue are under Defendants' complete control; Defendants' use of Seller Aliases allow Defendants to operate with a high degree of anonymity, evidencing their knowledge of wrongdoing; Defendants have the ability to change or modify the infringing listing pages' content and data; Defendants attempt to and regularly modify, delete, or change content and data upon notice of legal action; Defendants have the ability to and regularly do transfer assets out of their Seller Aliases to foreign jurisdictions – out of reach of Plaintiff and this Court – to avoid making any assets available for recovery. *See Jacki Easlick, LLC v. CJ Emerald*, No. 2:23-cv-02000-WSS, slip op. (W.D. Pa. Nov. 20,2023) (granting motion to seal); *See also Chen v. Adediy et al.*, No. 2:224-cv-01516, slip op. (W.D. Pa Nov. 27, 2024)

(granting motion to seal); *See also LKRB INDUSTRIES, LLC v. xuzhouaiyaxundianzishangwuyouxiangongsi et al.*, No. 2:24-cv-01601, slip op. (W.D. Pa Nov. 22, 2024) (granting motion to seal).

Given the nature of the online platforms, which allow overseas Defendants to operate anonymously and quickly, Plaintiff believes temporarily sealing these portions of the pleadings, which identify the Amazon.com and other online platform Seller Aliases, is necessary to prevent Defendants from simply closing their current accounts and opening new accounts under a different name or even on a different platform, thereby frustrating the entire purpose of the law, Plaintiff's attempts to protect its rights, and the powers of this Court.

Accordingly, Plaintiff respectfully requests that the above identified filings remain sealed for this proceeding or remained sealed until a hearing and/or Order on Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order.

A Proposed Order is being submitted concurrently.

DATED April 10, 2025                                Respectfully submitted,

/s/ Ge (Linda) Lei
Ge (Linda) Lei
Getech Law LLC
203 N. LaSalle St., Suite 2100,
Chicago, IL 60601
Attorney No. 6313341
E: Linda.lei@getechlaw.com
P: 312-888-6633

*ATTORNEY FOR PLAINTIFF*