# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **SHENZHEN YUNQINGWEICHUANG TECHNOLOGY CO., LTD.,**<br><br>Plaintiff,<br><br>v.<br><br>**SICDDDE, *et al.*,**<br><br>Defendants. | Civil Case No.: 2:25-cv-00472<br><br>JURY TRIAL DEMANDED |

## <u>PRELIMINARY INJUNCTION ORDER</u>

WHEREAS, on April 10, 2025, Plaintiff Shenzhen Yunqingweichuang Technology Co., Ltd. ("Plaintiff") filed an *Ex Parte* Motion against Defendants, SICDDDE and the other individuals, partnerships, and unincorporated associations identified on Schedule A to the Complaint[1] and attached hereto ("Defendants"), for (1) Temporary Restraining Order, including a temporary injunction and temporary asset restraint; (2) Expedited Discovery Order; and (3) Order to Show Cause why a Preliminary Injunction Order should not issue;

WHEREAS, on April 10, 2025, Plaintiff filed its *Ex Parte* Motion to perform electronic service of process under Fed. R. Civ. P. 4(f)(3) on Defendants; and

WHEREAS, on April 23, 2025, this Court entered the following:

---

[1] Plaintiff's Complaint alleged that Defendants, through online commerce platforms, infringe U.S. Patent No. US D991,533 ("Plaintiff's Patent"), infringe U.S. Trademark Reg. No. 7,420,879 ("Plaintiff's Mark"), and/or U.S. Copyright No. VA 2-434-881 ("Plaintiff's Copyright") by manufacturing, distributing, importing, offering for sale, and/or selling products which infringe and counterfeit Plaintiff's Patent, Plaintiff's Mark, and/or Plaintiff's Copyright ("Infringing Products") to the United States, including the Commonwealth of Pennsylvania.

(a.) Order (1) Temporary Restraint Order, including a temporary injunction and a temporary asset restraint; (2) Expedited Discovery Order; and (3) Order to Show Cause why a Preliminary Injunction Order should not issue ("TRO Order") (ECF No. 11); and

(b.) Order for authorization to perform electronic service of process under Fed. R. Civ. P. 4(f)(3) ("Electronic Service Order") (ECF No. 10).

WHEREAS, on May 5, 2025, pursuant to the terms of the Alternative Service Order, Defendants have been served with notice of this Show Cause Hearing, the TRO Order, the Electronic Service Order, the Order to Seal, the Order regarding Rule 12 Motions; and Plaintiff's Motion and Brief in support of the TRO Order and accompanying documents thereof;

WHEREAS, on May 7, 2025, pursuant to the terms of the Alternative Service Order, Defendants were served with Summons, the Complaint and accompanying documents, and written discovery requests; and

WHEREAS, on May 20, 2025, Plaintiff appeared for the Order to Show Cause Hearing; however no Defendants appeared, nor any of the Third-Party Service Providers or Financial Institutions.

## I.     RESTRAINING ORDER

A.     IT IS HEREBY ORDERED, as to Defendants, sufficient cause has been shown that the injunctive relief previously granted on April 23, 2025 shall remain in place through the pendency of this litigation and issuing a Preliminary Injunction Order ("PI Order") is warranted under Fed. R. Civ. P. 64 and 65. Accordingly, each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, parents, and all persons in active concert or participation with any of the Defendants are hereby restrained as follows:

1. Restrained from their unlawful conduct, which includes (1) the infringement and counterfeiting of Plaintiff's Patent, Plaintiff's Mark, and Plaintiff's Copyright owned by Plaintiff, including the unauthorized and unlicensed promotion, advertisement, distribution, manufacture, import offer for sale, and sale of Defendants' Infringing Products; and (2) false or misleading descriptions of fact and/or false or misleading representations of fact about the nature, characteristics, and/or qualities of Defendants' Infringing Products;

2. Restrained from shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, Defendants' Infringing Products, which infringe and/or counterfeit Plaintiff's Patent, Plaintiff's Mark, and Plaintiff's Copyright;

3. Restrained from secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of any computer files, data, business records, documents, or other records, or evidence relating to their user accounts or Online Storefronts, and any money, securities, or other property or assets of such defendants (collectively, "Defendants' Assets");

4. Restrained from assigning or transferring, forming new entities or associations, creating new listings or ASINS, or creating and/or utilizing any other Online Marketplace, user account, or Online Storefront, or any other means of importation/exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the restrictions set forth in this Order;

5. Restrained from offering for sale Defendants' Infringing Products through the use of metatags or other markers within website source code or within any web page or Online

Storefront (e.g., in the title of any product listing), through use of advertising links to other websites, through use of search engine databases or cache memory, and any other techniques that would render visible to a computer user a listing for the Defendants' Infringing Products;

6. Restrained from transferring ownership of the Online Storefronts, user accounts, or Seller IDs;

7. Defendants shall preserve copies of all computer files relating to the use of any Online Storefronts, user accounts, and Seller IDs, and shall take all steps necessary to retrieve and maintain computer files relating to the use of any Online Storefronts, user accounts, and Seller IDs that may have been deleted prior to entry of this Order;

8. Upon receipt of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, marketplace platforms, or third party service providers (including, but not limited to, Amazon.com, Inc.; Amazon Capital Services, Inc.; Amazon.com Services LLC; Amazon Payments, Inc.; Payoneer Global Inc.; PingPong Global Solutions Inc.; and their related companies and affiliates (the "Third Party Institutions"), shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to Defendants as identified on Schedule A hereto, as well as all funds in or which are transmitted into (1) any other accounts of the same entities or customers; (2) any other accounts which transfer funds into the same financial institution account(s) and/or any of the other accounts subject to this Order; and (3) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto[2];

---

[2] This PI Order contemplates that discovery may reveal that any defendant may have other user accounts operated by other third party service providers and/or financial institutions and that the newly discovered third party service

9. Upon receipt of this Order, Defendants and all Third Party Institutions, shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants identified in Schedule A attached hereto, and associated payment accounts, and any other accounts for the same entities/customers as well as any other accounts which transfer funds into the same financial accounts as any other accounts subject to this Order;

10. The Third Party Institutions shall, within five (5) business days of receiving this Order, provide Plaintiff's counsel with all data that details (1) an accounting of the total funds restrained and identifies the financial accounts to which the restrained funds are related; and (2) the account transactions related to all funds transmitted into financial accounts that have been restrained. Such restraining of the funds and the disclosure of the related financial account information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Institution's security interest in the funds) without express authorization of this Court;

11. Upon Plaintiff's request, any Online Marketplace that is provided with notice of this Order, including but not limited to any Third Party Institutions, shall immediately cease fulfillment of and sequester Defendants' Assets corresponding to the Seller IDs identified on Schedule A hereto, which assets are in the possession, custody, or control of the Third Party Institution, and hold such goods in trust for the Court during pendency of this action;

---

providers and/or financial institutions, once identified and provided with notice, shall also be subject to the discovery, restrains, and injunctions set forth in this Order.

12. This Order shall apply to the Seller IDs, associated user accounts and Online Storefronts, and any other seller identification names, user accounts, or Online Storefronts, and Defendants' accounts with Third Party Institution that are being used by Defendants for the purpose of infringing or counterfeiting Plaintiff's Patent, Plaintiff's Mark, and Plaintiff's Copyright and/or engaging in false or misleading statements as addressed herein;

13. Defendants and all Third Party Institutions subject to this PI Order may petition the Court to modify the asset restraint set out in this PI Order;

14. This PI Order shall remain in effect until the date for the hearing to show cause why a preliminary injunction should not be issued as set forth below, or until such further date as set by the Court or stipulated by the parties.

B.     IT IS HEREBY ORDERED, as sufficient cause has been shown, that:

1. All Third Party Institutions are restrained from causing or assisting in the secreting, concealing, transferring, disposing of, withdrawing, encumbering, or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any user account, Online Storefront, or Seller ID associated with any Defendant (whether said account is located in the United States or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

2. All Third Party Institutions are restrained from providing services to any Defendant or any user account, Online Storefront, or Seller ID associated with such defendants, including, but not limited to, continued operation of such defendants' user accounts, Online Storefronts, or Seller IDs and any other listings linked to the same sellers or any other alias seller identification names being used and/or controlled by such defendants, until further ordered by this Court.

C.    IT IS HEREBY ORDERED, as sufficient cause has been shown, that:

1.  All Online Marketplaces shall, upon receipt of this PI Order, continue to suspend or block any and all product listings (operated by Defendants) identified by the Plaintiff as identical or substantially similar to the products described in Exhibit D to the Complaint (which products Plaintiff has demonstrated are being imported, sold, and/or offered for sale in the United States and which products infringe and/or counterfeit Plaintiff's Patent, Plaintiff's Mark, and Plaintiff's Copyright).

**II.        ORDER AUTHOIRZING EXPEDITED DISCOVERY**

A.    IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1.  Plaintiff may propound interrogatories pursuant to Federal Rules of Civil Procedure 26 and 33; Defendants shall deliver to Plaintiff's counsel, within fourteen (14) days of service, written responses to such interrogatories under oath.

2.  Plaintiff may serve requests for production of documents pursuant to Federal Rules of Civil Procedure 26 and 34; Defendants shall deliver to Plaintiff's counsel, within fourteen (14) days of service, written responses to such document requests.

3.  Plaintiff may serve requests for admission pursuant to Federal Rules of Civil Procedure 26 and 36; Defendants shall deliver to Plaintiff's counsel, within fourteen (14) days of service, written responses to such requests for admission under oath.

B.    IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all Third Party

Institutions shall provide to Plaintiff's counsel all documents and records in their possession, custody, or control (whether located in the United States or abroad) relating to Defendants' user accounts, Online Storefronts, and Seller IDs, including, but not limited to, documents and records relating to:

1. Any and all account details including, without limitation, identifying information and account numbers for any and all user accounts, Online Storefronts, and Seller IDs that Defendants currently maintain, or have previously maintained, with the respective Third Party Institution(s);

2. The identities of, location of, and contact information (including all email addresses) for such defendants that were not previously provided;

3. Defendants' methods of payment, methods for accepting payment, and any and all financial information including, but not limited to, a full accounting of Defendants' sales history of the Infringing Products, organized by Amazon Standard Identification Number (Amazon's unique identifier for products sold on its website) if applicable, including number of units sold; revenue associated with each sale; date of each sale; date each ASIN was first offered for sale by Defendant; and the city, state, and zip code of each recipient of Infringing Product;

4. Defendants' unauthorized and unlicensed use of the Plaintiff's Patent, Plaintiff's Mark, and Plaintiff's Copyright; and

5. Defendants' false or misleading statements regarding Defendants' Infringing Products.

**III.**          **SECURITY BOND**

IT IS FURTHER ORDERED that the bond posted by Plaintiff in the amount of Five

Thousand Dollars ($5,000.00 USD) shall remain with the Court until a final disposition of

this case or until the PI order is terminated.

SO ORDERED.

SIGNED this 20th day of _____May_____, 2025.

Pittsburgh, Pennsylvania.

                                        s/Cathy Bissoon
                                        _____
                                        United States District Judge

**SCHEDULE A**

| No. | Defendant | Seller ID | Platform |
|---|---|---|---|
| **Plaintiff's Patent (US D991,533)** | | | |
| 1 | Sicddde | AUWGIPZKVRZ66 | Amazon |
| 2 | QLSM Lighting | A1OOM7WR2HP9ZJ | Amazon |
| 3 | Changchengjie | A2PFND4PMIOBK0 | Amazon |
| 4 | ZIQILI | AJG443POXGEQ0 | Amazon |
| 5 | Gansu Yuanzelixin | A1FACFB755PLS6 | Amazon |
| 6 | LANJINYIHE | A3J0W57JH8KLPO | Amazon |
| 7 | Full Goods shop | 634418216170402 | Temu |
| 8 | SuphapShop | | eBay |
| 9 | neveranisland | | eBay |
| 10 | Stanton Surplus | | eBay |
| 11 | ericy23 | | eBay |
| 12 | newuseddeals | | eBay |
| 13 | musicman1a2a3a4 | | eBay |
| **Plaintiff's Mark (7,420,879)** | | | |
| 14 | kirit4181 | | eBay |
| 15 | hendianzisha | 102685116 | Walmart |
| 16 | XYY | 102501328 | Walmart |
| 17 | YangSiYu | 101682245 | Walmart |
| **Plaintiff's Copyright (VA 2-434-881)** | | | |
| 18 | Hengyu Lighting Store | A2OVPYH6MNYKS | Amazon |
| **Plaintiff's Mark (7,420,879)** **Plaintiff's Copyright (VA 2-434-881)** | | | |
| 19 | gxuandian | 102672712 | Walmart |
| **Plaintiff's Patent (US D991,533)** **Plaintiff's Mark (7,420,879)** **Plaintiff's Copyright (VA 2-434-881)** | | | |
| 20 | houhaojiasha | 102663296 | Walmart |